SHARON H. MARTHINUSS, F.K.A. SHARON H. JONES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Marthinuss v. Commissioner
Docket No. 6202-94
United States Tax Court
T.C. Memo 1995-58; 1995 Tax Ct. Memo LEXIS 56; 69 T.C.M. (CCH) 1834; February 1, 1995, Filed *56 An appropriate order of dismissal for lack of jurisdiction will be entered. For petitioner: David S. De Jong. For respondent: James R. Rich. DAWSON, POWELL
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Carleton D. Powell pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge that is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE POWELL, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. The facts may be summarized as follows. By notice of deficiency dated January 27, 1994, respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1983 in the amount of $ 9,799. Respondent also determined that additions to tax under section 6653(a)(1) *57 and (2) were due for the taxable year 1983. At the time the petition was timely filed, petitioner resided in Olney, Maryland. For the taxable year 1983, petitioner filed a joint return with her then husband, Robert T. Jones. [2] Deductions were claimed on the return arising from the activities of two partnerships, Derringer Oil Technology and Marlowe Investment Partnership (sometimes referred to as the partnerships). Marlowe Investment Partnership is itself a partner in Harrow Oil Technology Partners. An amended return was apparently filed, claiming a net operating loss carryback deduction from 1986 with respect to Marlowe Investment Partnership. For the relevant years in question, the partnerships were so-called TEFRA partnerships whose tax treatment is determined under the unified partnership provisions (subchapter C of chapter 63) added by section 402 of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 648. A TEFRA partnership proceeding is pending before this Court with respect to Derringer Oil Technology for the year 1983 at docket No. 21530-87. Partnership proceedings are also pending before this Court with respect to Harrow Oil Technology *58 Partners for the years 1983 and 1986 at docket Nos. 6060-87 and 10133-90. In the notice of deficiency respondent disallowed the deductions claimed with respect to the partnerships and asserted additions to tax based on the disallowance of those deductions. In her petition, petitioner alleges error in respondent's determinations with respect to the partnership adjustments and the additions to tax. Petitioner further claims that she is entitled to relief as an "innocent spouse" under section 6013(e). In the motion to dismiss, respondent now contends that the notice of deficiency is invalid. With respect to that part of the "deficiency" arising from Derringer Oil Technology, there can be no question that this is a partnership item, as defined by section 6231(a)(3). This Court has no jurisdiction in a deficiency action over respondent's determinations with respect to partnership items. ; *59 , affd. without published opinion . Respondent's adjustment concerning Marlowe Investment Partnership's 1983 activities is slightly different, but the result is the same. Marlowe Investment Partnership is a subtier partnership of Harrow Oil Technology Partners and, as such, petitioner is an "indirect partner" as defined by section 6231(a)(10). Section 6231(a)(6) provides that "All adjustments required to apply the results of a proceeding with respect to a partnership * * * to an indirect partner shall be treated as computational adjustments." Under section 6230(a)(1), with exceptions not relevant here, computational adjustments are not subject to the deficiency procedures. The carryback to 1983 with respect to Marlowe Investment Partnership's 1986 net operating loss is an "affected item" under section 6231(a)(5), whose existence or amount is dependent in part on determinations to be made at the partnership level. . *60 Similarly, the additions to tax are "affected items". . Since an affected item requires partnership level determinations, when there is a partnership proceeding ongoing, as here, we have no jurisdiction over affected items in a deficiency proceeding until the partnership litigation is closed and respondent issues a valid notice of deficiency with respect to those items. Cf. In sum, this Court lacks subject matter jurisdiction over all of the adjustments contained in respondent's notice of deficiency. Because there are no adjustments in the notice of deficiency over which we have jurisdiction, the notice is invalid, and this case must be dismissed. We understand petitioner's desire to bring this litigation to a close. Our jurisdiction, however, is limited in this area. We do not have jurisdiction to consider the innocent spouse defense at the TEFRA partnership level. . The innocent spouse issue is a personal defense that relieves *61 the spouse of the ultimate tax liability resulting from the TEFRA proceedings. . Further, we may exercise jurisdiction over the innocent spouse issue at the partner spouse level only where a valid notice of deficiency has been issued with respect to affected items or nonpartnership items. Sec. 6231(a); ; see As that is not the case here, we have no jurisdiction to hear the innocent spouse issue. [3]
An appropriate order of dismissal for lack of jurisdiction *62 will be entered. Footnotes
1. Section references are to the Internal Revenue Code in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner and Robert T. Jones divorced, and petitioner is now remarried.↩
3. Congress has recognized the hardship created by this situation and is currently considering a bill that gives taxpayers access to the Tax Court to assert the innocent spouse defense. H.R. 3419, sec. 317(a), 103d Cong., 2d Sess. (1994). However, the bill would provide relief only at the close of the partnership proceeding.↩