129 T.C. No. 13


UNITED STATES TAX COURT


PETER D. ADKISON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2532-06.                    Filed October 16, 2007.


    R sent to P a notice of deficiency for 1999.  P
filed a petition seeking to invoke the Court's
jurisdiction to redetermine the deficiency and to
decide P's claim for relief under sec. 6015(c), I.R.C.
R moved to dismiss for lack of jurisdiction on the
grounds (1) the notice of deficiency is invalid because
the underlying adjustments constitute "partnership
items" that are the subject of an ongoing partnership-
level proceeding in Federal District Court, and (2) P's
claim for relief under sec. 6015(c), I.R.C.,
constitutes an "affected item" that can be reviewed
only after the partnership-level proceeding is
completed.

    The parties agree that the notice of deficiency is
invalid because the underlying adjustments constitute
"partnership items" that are the subject of an ongoing
partnership-level proceeding in Federal District Court.
P opposes dismissal of his claim under sec. 6015(c),
I.R.C.

_Held_:  The Court lacks jurisdiction to review P's claim for relief under sec. 6015(c), I.R.C., because, in the context of the TEFRA partnership proceeding, P's claim for relief from joint and several liability on a joint return may be raised only after R has sent a notice of computational adjustment following the completion of partnership-level proceedings.

John Mark Colvin, for petitioner.

Thomas D. Greenaway, for respondent.

OPINION

COHEN, Judge:  This case is before us on respondent's motion to dismiss for lack of jurisdiction on the ground the notice of deficiency is invalid and prohibited by section 6225.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

Background

The parties stipulated certain facts solely for our action on respondent's motion to dismiss for lack of jurisdiction. Peter D. Adkison (petitioner) resided in Seattle, Washington, at the time that he filed his petition.

Petitioner filed a joint Federal income tax return for 1999 with his spouse, Cathleen S. Adkison.  The Adkisons claimed deductions and losses on their 1999 tax return in connection with their participation in a partnership known as Shavano Strategic Investment Fund, LLC (Shavano).  Shavano engaged in a tax shelter

transaction referred to as Bond Linked Issue Premium Structure or BLIPS.

The Adkisons separated in December 1999 and were divorced in late 2001.

In 2002, in response to an Internal Revenue Service (IRS) announcement soliciting taxpayers to disclose their participation in certain tax shelter transactions, the Adkisons informed the IRS that they participated in the BLIPS transaction through Shavano during 1999. During 2003, the IRS began an examination of the Adkisons' 1999 tax return.

In 2004, petitioner submitted to the IRS an election to participate in a settlement program pertaining to the Shavano tax shelter transaction. Although the parties attempted to draft a final closing agreement with regard to petitioner's tax liability for 1999, the negotiations failed when petitioner requested that the closing agreement include language stating that petitioner was entitled to relief pursuant to section 6015(c), which provides that taxpayers filing a joint return may seek an allocation of the tax liability associated with the return. In October 2004, petitioner remitted to the IRS $2.5 million to be posted as a cash bond against his tax liability for 1999.

On December 21, 2004, respondent sent a Notice of Final Partnership Administrative Adjustment (FPAA) to Shavano for its taxable year ended December 21, 1999. In May 2005, a partner

other than the tax matters partner of Shavano filed a petition for readjustment with the U.S. District Court for the Northern District of California (District Court case).

On June 9, 2005, petitioner submitted to the IRS a Form 8857, Request for Innocent Spouse Relief, seeking relief from joint and several liability on the joint return he filed for the taxable year 1999. Petitioner requested that the full amount of the tax due for 1999 be allocated in equal shares to him and to Cathleen Adkison pursuant to section 6015(c). Petitioner has not received a notice of determination from the IRS with regard to his Form 8857.

On November 10, 2005, respondent sent a joint notice of deficiency for 1999 to petitioner and Cathleen Adkison. The deficiency of $5,837,482 set forth in the notice is attributable to the following adjustments related to the Adkisons' participation in Shavano: (1) The disallowance of a capital loss of $27,213,056; (2) the disallowance of a partnership loss of $184,822; and (3) a reduction of itemized deductions (investment interest expense) of $812,327. The notice of deficiency includes an explanation that respondent made a number of alternative determinations including a determination that Shavano was a sham and/or Shavano was formed solely for the purposes of tax avoidance.

On February 6, 2006, petitioner filed a petition with the Court. Petitioner asserted in the petition that he was invoking the Court's jurisdiction (1) to redetermine the deficiency under section 6213(a) and (2) to review respondent's failure to respond to petitioner's request for an allocation of his tax liability for 1999 under section 6015(c).

On December 15, 2006, respondent filed a motion to dismiss for lack of jurisdiction asserting that the notice of deficiency is invalid because the adjustments therein constitute "affected items" that are dependent upon the completion of partnership-level proceedings in the District Court case. Secs. 6221, 6225, 6230(a)(2). Respondent further asserts that petitioner submitted his claim for relief under section 6015(c) prematurely insofar as the partnership-level proceedings have not been completed, and, in any event, respondent did not "assert" a deficiency against petitioner within the meaning of section 6015(e)(1).

Petitioner agrees that the Court lacks jurisdiction in this case to redetermine a deficiency pursuant to section 6213(a) because the notice of deficiency is invalid. Petitioner maintains, however, that he is an "individual against whom a deficiency has been asserted" within the meaning of section 6015(e)(1), and, therefore, he properly invoked the Court's jurisdiction to review his claim for relief under section 6015(c).

## Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent provided by Congress. See sec. 7442; see also GAF Corp. & Subs. v. Commissioner, 114 T.C. 519, 521 (2000). The jurisdictional dispute in this case requires an examination of the interrelationship between the Court's jurisdiction to review a claim for relief from joint and several liability on a joint return under section 6015 and the Court's jurisdiction under the unified partnership audit and litigation procedures contained in sections 6221 through 6234. See Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 648.

### Section 6015

Section 6013(d)(3) provides that, if a husband and wife file a joint Federal income tax return, "the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." However, section 6015(a) provides that, notwithstanding section 6013(d)(3), an individual who has made a joint return may elect to seek relief from joint and several liability on such return. For a detailed discussion of the legislative history of section 6015 (and its predecessor section 6013(e)), see Cheshire v. Commissioner, 115 T.C. 183, 188-189 (2000), affd. 282 F.3d 326 (5th Cir. 2002).

Congress vested the Tax Court with jurisdiction to review a taxpayer's election to claim relief from joint and several liability on a joint return under various circumstances. See King v. Commissioner, 115 T.C. 118, 121-122 (2000); Corson v. Commissioner, 114 T.C. 354, 363-364 (2000). A taxpayer may seek relief from joint and several liability on a joint return by raising the matter as an affirmative defense in a petition for redetermination filed in response to a notice of deficiency under section 6213(a). See Butler v. Commissioner, 114 T.C. 276, 287-288 (2000). In addition, a taxpayer may file with the Court a so-called stand-alone petition seeking relief from joint and several liability on a joint return if (1) the Commissioner issues a final determination letter denying the taxpayer's claim for such relief or (2) the Commissioner has failed to rule on the taxpayer's claim for relief within 6 months of its filing. See sec. 6015(e)(1); Mora v. Commissioner, 117 T.C. 279 (2001); Corson v. Commissioner, supra at 363. A taxpayer also may request relief from joint and several liability on a joint return in a petition for review of a lien or levy action. See secs. 6320(c), 6330(c)(2)(A)(i).

TEFRA Partnership Provisions

The proper tax treatment of any partnership item generally is determined at the partnership level pursuant to the TEFRA partnership provisions. The TEFRA procedures apply with respect

to all taxable years of a partnership beginning after September 3, 1982.  Sparks v. Commissioner, 87 T.C. 1279, 1284 (1986); Maxwell v. Commissioner, 87 T.C. 783, 789 (1986).  A partnership item is any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of subtitle A, such item is more appropriately determined at the partnership level than at the partner level.  Sec. 6231(a)(3).  Partnership items normally include each partner's proportionate share of the partnership's aggregate items of income, gain, loss, deduction, or credit.  Sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs.

Partnership items are distinguished from affected items, which are defined in section 6231(a)(5) as any item to the extent such item is affected by a partnership item.  White v. Commissioner, 95 T.C. 209, 211 (1990).  The first type of affected item is purely a computational adjustment made to record the change in a partner's tax liability resulting from the proper treatment of partnership items.  Sec. 6231(a)(6); White v. Commissioner, supra at 211.  Once the decision in a partnership-level proceeding is final, the Commissioner is permitted to assess a computational adjustment against a partner without issuing a notice of deficiency.  Secs. 6225, 6230(a)(1); N.C.F.

Energy Partners v. Commissioner, 89 T.C. 741, 744 (1987); Maxwell v. Commissioner, supra at 792 n.7.

The second type of affected item is an adjustment to a partner's tax liability to reflect the proper treatment of a partnership item that is dependent upon factual determinations to be made at the individual partner level. N.C.F. Energy Partners v. Commissioner, supra at 744. Section 6230(a)(2)(A)(i) provides that the normal deficiency procedures apply to those affected items that require partner-level determinations. See N.C.F. Energy Partners v. Commissioner, supra at 743-744; see also Crowell v. Commissioner, 102 T.C. 683, 689 (1994). A valid notice of deficiency concerning an affected item generally is dependent upon a final decision in the underlying partnership-level proceeding. Sec. 6225(a); GAF Corp. & Subs. v. Commissioner, supra at 526 (citing Dubin v. Commissioner, 99 T.C. 325, 328 (1992)); see Crowell v. Commissioner, supra at 694-695.

In 1997, Congress passed the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1237(a) and (b), 111 Stat. 1025, amending the TEFRA provisions to add specific rules that are applicable when the spouse of a partner seeks relief from joint and several liability on a joint tax return. As discussed in detail below, the new provisions, set forth in section 6230(a)(3) and 6230(c)(5), prescribe the procedures under which a spouse of a partner seeking relief under section 6015 may raise such a claim

either in a deficiency proceeding or in a refund suit.  Section

6230(a)(3) and 6230(c)(5) is effective as if included in TEFRA as

originally enacted.  See Taxpayer Relief Act of 1997, sec.

1237(d), 111 Stat. 1026.

Section 6230(a)(3)(A) provides in part:

> SEC. 6230(a).  Coordination With Deficiency
> Proceedings.--
>
> *     *     *     *     *     *     *
>
> (3) Special rule in case of assertion by
> partner's spouse of innocent spouse relief.--
>
> > (A) Notwithstanding section 6404(b), if
> > the spouse of a partner asserts that section
> > 6013(e) applies with respect to a liability
> > that is attributable to any adjustment to a
> > partnership item * * * then such spouse may
> > file with the Secretary within 60 days after
> > the notice of computational adjustment is
> > mailed to the spouse a request for abatement
> > of the assessment specified in such notice.
> > Upon receipt of such request, the Secretary
> > shall abate the assessment.  Any reassessment
> > of the tax with respect to which an abatement
> > is made under this subparagraph shall be
> > subject to the deficiency procedures
> > prescribed by subchapter B.  * * *

To summarize, section 6230(a)(3)(A) provides that, after the

Commissioner has issued to the spouse of a partner a notice of

computational adjustment following the completion of a

partnership-level proceeding, the Commissioner, upon the request

of the spouse, must abate the underlying assessment to permit the

spouse to assert a claim for relief from joint and several

liability pursuant to the deficiency procedures of subchapter B.

In addition to the deficiency procedures described above, section 6230(c)(5) provides in pertinent part:

> SEC. 6230(c). Claims Arising Out of Erroneous Computations, Etc.--
>
>     \*     \*     \*     \*     \*     \*     \*
>
> > (5) Rules for seeking innocent spouse relief.--
> >
> > > (A) In general.--The spouse of a partner may file a claim for refund on the ground that the Secretary failed to relieve the spouse under section 6015 from a liability that is attributable to an adjustment to a partnership item (including any liability for any penalties, additions to tax, or additional amounts relating to such adjustment).
> > >
> > > (B) Time for filing claim.--Any claim under subparagraph (A) shall be filed within 6 months after the day on which the Secretary mails to the spouse the notice of computational adjustment referred to in subsection (a)(3)(A).

In sum, section 6230(c)(5)(A) and (B) provides that the spouse of a partner may file a claim for relief from a tax liability attributable to an adjustment to a partnership item within 6 months after the Commissioner has mailed to the spouse a notice of computational adjustment. In connection with these provisions, section 6230(c)(5)(C) provides that, if the Commissioner disallows the spouse's claim for relief under section 6015, the spouse may bring a refund suit within the period specified in section 6230(c)(3) (which in turn refers to section 6532 relating to periods of limitations on refund suits).

Section 6015(g)(3) provides that no credit or refund shall be allowed in respect of a claim for relief under section 6015(c)-- the provision on which petitioner relies.

When section 6230(a)(3) and (c)(5) was originally enacted in 1997, both provisions contained express references to section 6013(e). One year later, however, Congress added new section 6015 to the Internal Revenue Code and made conforming amendments striking section 6013(e) and replacing the reference to section 6013(e) appearing in section 6230(c)(5)(A) with a reference to section 6015. See IRS Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201(a), (e)(1) and (2), 112 Stat. 740. By all appearances, Congress simply overlooked the reference to section 6013(e) contained in section 6230(a)(3)(A) and failed to make a conforming amendment to that section. In any event, both provisions reflect congressional intent that the spouse of a partner may initiate a claim for relief from joint and several liability attributable to an adjustment of a partnership item only after the Commissioner issues to the spouse a notice of computational adjustment following the completion of a partnership-level proceeding.

With the foregoing as background, we return to the parties' contentions.

The Affected Items Notice of Deficiency

The Court's jurisdiction to redetermine a deficiency attributable to an affected item is dependent upon a valid (affected items) notice of deficiency and a timely filed petition. Crowell v. Commissioner, 102 T.C. at 694. The record reflects, and the parties agree, that the adjustments set forth in the notice of deficiency are attributable to adjustments to partnership items. Those partnership items are the subject of the partnership-level proceeding that is pending before the District Court. Under the circumstances, it follows that the notice of deficiency is invalid, and it is insufficient to permit petitioners to invoke the Court's jurisdiction to redetermine a deficiency under section 6213(a). GAF Corp. & Subs. v. Commissioner, 114 T.C. at 528; Maxwell v. Commissioner, 87 T.C. at 788, 793.

Section 6015

Although petitioner may not invoke the Court's jurisdiction under section 6213(a), the petition includes allegations that petitioner is entitled to relief from joint and several liability on a joint return under section 6015. Respondent maintains that the Court lacks jurisdiction to review petitioner's claim for relief under section 6015 because (1) the notice of deficiency upon which the petition is based is invalid and (2) petitioner's entitlement to relief under section 6015 is an affected item that

may be adjudicated only following a final decision in the related partnership-level proceeding.  Respondent relies primarily on Life Care Cmtys. of Am. v. Commissioner, T.C. Memo. 1997-95, and Mann-Howard v. Commissioner, T.C. Memo. 1992-537, for the proposition that the spouse of a partner must prosecute a claim for relief under section 6015 in an affected items proceeding.

Petitioner asserts that various developments in this case, including the parties' attempt to settle petitioner's tax liability for 1999, and eventually the issuance of both the FPAA and the invalid notice of deficiency, demonstrate that respondent "asserted" a deficiency against him within the meaning of section 6015(e)(1)(A).  As petitioner sees it, his petition is a valid stand-alone petition for relief under section 6015(e).

Taking into account the ongoing partnership-level proceeding, we conclude that respondent has not "asserted" a deficiency against petitioner within the meaning of section 6015(e)(1)(A).  As explained below, petitioner's claim for relief under section 6015 is premature and will not crystallize into a justiciable case or controversy until the underlying partnership-level proceeding is final and respondent has issued to petitioner a notice of computational adjustment.

The question of when the Court may exercise jurisdiction to review a claim for relief from joint and several liability on a joint return in the context of a TEFRA partnership proceeding is

not a new one.  In cases such as <u>Dynamic Energy, Inc. v.
Commissioner</u>, 98 T.C. 48 (1992), and <u>Marthinuss v. Commissioner</u>,
T.C. Memo. 1995-58, the Court indicated that the spouse of a
partner is not entitled to an adjudication of his or her
entitlement to relief from joint and several liability on a joint
return in a partnership-level proceeding.  Further, in cases such
as <u>Life Care Cmtys. of Am. v. Commissioner</u>, <u>supra</u>, and <u>Mann-
Howard v. Commissioner</u>, <u>supra</u>, the Court indicated that the
spouse of a partner normally would be able to prosecute a claim
for relief from joint and several liability on a joint return in
response to an affected items notice of deficiency issued after
the completion of partnership-level proceedings.

As previously discussed, Congress prescribed specific
procedures for purposes of TEFRA partnership actions under which
the spouse of a partner is permitted to obtain an adjudication of
a claim for relief from joint and several liability on a joint
return. Section 6230(a)(3), which refers to section 6013(e) (now
stricken), provides a remedy in the form of a deficiency
proceeding, whereas section 6230(c)(5) provides an alternative
remedy in the form of a refund action.  Significantly, in either
case, the spouse of a partner may assert a claim for relief from
joint and several liability only after the Commissioner has
issued to the spouse a notice of computational adjustment.
However, the Commissioner may issue a notice of computational

adjustment to a partner (or the spouse of a partner) only following the completion of proceedings at the partnership level. Sec. 6225.

Consistent with the foregoing, the Court has exercised its jurisdiction to review stand-alone petitions filed with the Court pursuant to section 6015 after the Commissioner issued to the spouse of a partner a notice of computational adjustment. See Mora v. Commissioner, 117 T.C. 279 (2001); Abelein v. Commissioner, T.C. Memo. 2004-274.

Consistent with the preceding discussion, we conclude that petitioner is not a person against whom a deficiency has been asserted within the meaning of section 6015(e)(1). The related partnership-level proceedings have not been completed, and respondent has not had the occasion to issue to petitioner either a notice of computational adjustment or a valid affected items notice of deficiency. Until one of those events occurs, or respondent institutes a collection action under sections 6320 and/or 6330, petitioner's claim for relief under section 6015 is premature, and the Court lacks jurisdiction to consider it.

Because the Court lacks jurisdiction over the petition in this case, respondent's motion to dismiss for lack of jurisdiction will be granted.

To reflect the foregoing,

> An order of dismissal for lack of jurisdiction will be entered granting respondent's motion to dismiss for lack of jurisdiction.