132 T.C. No. 18

UNITED STATES TAX COURT

ALEX AND LISET MERUELO, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 624-04.                    Filed June 9, 2009.

        R issued Ps a notice of deficiency (NOD) for 1999
that contained determinations related to an entity
subject to the unified audit and litigation procedures
of the Tax Equity and Fiscal Responsibility Act of 1982
(TEFRA), Pub. L. 97-248, sec. 401, 96 Stat. 648.  On
their 1999 Federal income tax return, Ps claimed a
deduction for a $4,538,844 loss that reportedly passed
through to them from a partnership they identified as
M.  M was actually P-H's single-member limited
liability company (LLC) that was a disregarded entity
for Federal tax purposes; the claimed loss actually
stemmed from IV, a five-member (one of whom was P-H)
LLC subject to TEFRA.  IV reported on its 1999 return
that it incurred a loss and that $4,538,844 of the loss
passed through to M.  IV's return did not indicate that
M was a single-member LLC, that M was a disregarded
entity, or that P-H (rather than M) was actually IV's
member.  P-H did not file a return for M for 1999, and
R did not audit (or make any adjustments to) IV's 1999
return during the 3-year period of limitations for

assessing tax attributable to partnership and affected items from IV's 1999 taxable year. R issued the NOD to Ps shortly before the expiration of the 3-year period of limitations for assessing tax as to Ps' 1999 taxable year, which coincided with the expiration of the 3-year period of limitations for IV's 1999 taxable year. The NOD reflected: (1) Ps' reporting that M was a partnership and (2) R's determination that secs. 465 and 704(d), I.R.C., precluded Ps' deducting any of the loss and that Ps were liable for an accuracy-related penalty under sec. 6662, I.R.C. R learned during this case that M was not a partnership but was a disregarded entity. R also learned that Ps' $4,538,844 claimed loss was related to IV and related Ps' claimed loss to an ongoing grand jury investigation into tax shelters. Afterwards, R informed the Court that R may still determine that IV's 1999 return contained a false or fraudulent partnership item that would allow R to assess tax related to the loss after the expiration of the 3-year period of limitations applicable to IV. Ps now move the Court to dismiss the case for lack of jurisdiction, asserting that R issued the NOD prematurely (i.e., before the completion of partnership-level proceedings as to IV) because R neither issued a notice of final partnership administrative adjustment (FPAA) to IV for 1999 nor accepted IV's 1999 return as filed.

Held: R did not issue the NOD prematurely because R issued the NOD to Ps during Ps' 3-year period of limitations, without issuing an FPAA to IV during the 3-year period of limitations applicable to IV.

Held, further, R's determinations under secs. 465, 704(d), and 6662, I.R.C., implicate affected items that require determinations at the partner level, and the Court has jurisdiction to decide this case.

A. Lavar Taylor and Robert S. Horwitz, for petitioners.

Jonathan H. Sloat and Donna F. Herbert, for respondent.

OPINION

VASQUEZ, Judge: Petitioners move the Court to dismiss this case for lack of jurisdiction. Petitioners petitioned the Court to redetermine respondent's determination of a $1,581,293 deficiency in petitioners' Federal income tax for 1999 and a $632,517 accuracy-related penalty under section 6662(h) (or alternatively a lesser accuracy-related penalty under section 6662(a)).[1] Respondent included that determination in a notice of deficiency (NOD) that reflects respondent's disallowance of a $4,538,844 loss that petitioners claimed as a deduction. The loss stemmed from petitioner Alex Meruelo's ownership interest in Meruelo Capital Management, LLC (MCM), his single-member limited liability company, and in turn MCM's ownership interest in Intervest Financial, LLC (Intervest), an entity subject to the unified audit and litigation procedures of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 401, 96 Stat. 648.[2] Respondent disallowed the loss because,

_____

[1] Section references are to the applicable versions of the Internal Revenue Code (Code), unless otherwise stated. Some dollar amounts are rounded to the nearest dollar. We use terms in this Opinion to decide petitioners' motion and do not express any view on the validity of any of the entities or transactions mentioned. See Soward v. Commissioner, T.C. Memo. 2006-262.

[2] The parties agree that MCM is disregarded for Federal tax purposes because it is a single-member limited liability company that did not elect to be treated as a corporation. See sec. 301.7701-3(a), Proced. & Admin. Regs.

inter alia, petitioners failed to establish that the Code did not limit or disallow any deduction as to the loss.  (Respondent has since clarified that two provisions limiting or disallowing the loss are sections 465 and 704(d).)  Respondent also determined in the NOD that petitioners were liable for an accuracy-related penalty under section 6662 with respect to their reporting of the deduction of the loss.

Petitioners argue that the Court lacks jurisdiction because the NOD was issued prematurely and is invalid.  Such is so, petitioners argue, because the deficiency and the accuracy-related penalties are or are attributable to affected items of Intervest, and respondent as of the time the NOD was issued had neither issued a notice of final partnership administrative adjustment (FPAA) to Intervest for 1999 nor accepted Intervest's return for 1999 as filed.  Even if the NOD was not issued prematurely, petitioners argue alternatively, the Court lacks jurisdiction because the affected items set forth in the NOD are not in fact affected items.

We disagree with petitioners on both points.  We hold that the NOD was not issued prematurely and that the affected items set forth in the NOD are affected items that require determinations at the partner level.  We hold that we have jurisdiction, and we will deny petitioners' motion asserting to the contrary.

## Background

### I. Petitioners

Petitioners are husband and wife. They filed a joint Form 1040, U.S. Individual Income Tax Return, for 1999 on or about October 16, 2000. They resided in California when they filed their petition with the Court.

### II. MCM

MCM was a limited liability company whose only member was Alex Meruelo (Mr. Meruelo). During 1999 MCM owned a 31.68-percent interest in Intervest, a Delaware limited liability company. MCM did not file a Federal tax return for 1999. For 1999, MCM was (by default) a disregarded entity for Federal tax purposes because MCM did not file a Form 8832, Entity Classification Election, electing to be treated as a corporation for that year.

### III. Intervest

#### A. Identity of Intervest's Other Members

Intervest had four members in addition to MCM: Ewing Capital Management, LLC; Markerston Shield, LLC; Manchester Overseas, LLC; and New Day, S.A. Ewing Capital Management, LLC, and Markerston Shield, LLC, were Delaware limited liability companies, and their respective ownership interests in Intervest were 35.64 percent and 24.75 percent. Manchester Overseas, LLC, was a Nevis limited liability company, and it owned a

6.93-percent interest in Intervest.  New Day, S.A., was a Bahamian corporation, and it owned a 1-percent interest in Intervest.

B.  Intervest's Form 1065 for 1999

Intervest filed a Form 1065, U.S. Partnership Return of Income, for 1999.  The return was filed on October 14, 2000.  The return covered Intervest's initial taxable year beginning on December 13 and ending on December 31, 1999.

Intervest's return for 1999 reported that Intervest incurred a $14,327,160 ordinary loss from engaging in foreign currency transactions.  Intervest issued MCM a Schedule K-1, Partner's Share of Income, Credits, Deductions, etc., for 1999 that reported an ordinary loss of $4,538,844 as a passthrough item from Intervest to MCM.  Intervest's return reported that MCM was a "member" of Intervest.  Intervest's return did not indicate that MCM was a single-member limited liability company, that MCM was a disregarded entity, or that Mr. Meruelo (rather than MCM) was actually Intervest's member for 1999 for Federal tax purposes.

IV. Petitioners' Tax Return

On their Form 1040 for 1999, petitioners claimed the $4,538,844 loss as a passthrough item from MCM.  The return did not identify Intervest, nor did the return state that Intervest

was the source of the loss.[3]  The return reported that MCM was a

partnership.  The return did not indicate that MCM was a single-

member limited liability company, that MCM was a disregarded

entity, or that Mr. Meruelo (rather than MCM) was actually

Intervest's member for 1999 for Federal tax purposes.

V.   The NOD

Respondent failed to obtain from petitioners for 1999 a

Form 872-I, Consent to Extend the Time to Assess Tax As Well As

Tax Attributable to Items of a Partnership.  On October 10, 2003,

shortly before the expiration of the normal period of limitations

for assessing tax as to petitioners' 1999 taxable year, which

coincided with the expiration of the normal period of limitations

for assessing tax attributable to partnership and affected items

from Intervest's 1999 taxable year, respondent issued the NOD to

petitioners.[4]  The NOD reflected petitioners' reporting on their

---

[3]  Respondent asserts that he first learned that the loss originated with Intervest when respondent was served with petitioners' petition.  The petition references that MCM owned an interest in Intervest.

[4]  The normal period of limitations on an assessment of Federal income tax attributable to a partnership item (or to an affected item) is 3 years after the filing of the taxpayer's return, except that the period shall not expire before the date which is 3 years after the later of the due date of the partnership return (determined without regard to extensions) or the date the partnership return was actually filed.  See secs. 6229(a), 6501(a); G-5 Inv. Pship. v. Commissioner, 128 T.C. 186, 189-190 (2007); Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, 114 T.C. 533, 540-551 (2000); see also sec. 6501(b)(1) (providing that a return of tax filed before the last
(continued...)

1999 tax return that MCM was a partnership and that the $4,538,844 loss had passed through to them from MCM. The NOD stated that petitioners were not entitled to deduct the loss and that they were liable for an accuracy-related penalty under section 6662. The NOD stated that the only other adjustments to petitioners' reported taxable income were computational adjustments made to petitioners' itemized deductions pursuant to section 68(a) and (b).

The NOD stated that respondent disallowed petitioners' claimed deduction for the loss because they failed to establish that they had any basis in MCM, that a loss was sustained during 1999 in the amount claimed, that any loss was attributable to them, or that the claimed loss (or any portion thereof), if sustained, was allowable as a deduction under the Code. The NOD stated that any deduction of the loss also was disallowed because petitioners had failed to establish that any deduction related to the loss was not limited or disallowed by one or more sections of the Code, including for example sections 165 and 465. The NOD stated that a deduction for the loss also was disallowed because MCM was a sham for tax purposes, and the provisions of chapter 1,

---

⁴(...continued)
day for timely filing shall be considered as filed on that last day). We sometimes use the term "normal" in this context also to include any period greater than the referenced periods agreed upon pursuant to sec. 6501(c)(4) and/or sec. 6229(b).

subchapter K, including for example sections 705, 722, 732, and 752, could not be used to calculate their basis in MCM.

The NOD stated as to the accuracy-related penalty that respondent had determined that the 40-percent penalty of section 6662(a), (b)(3), (e), and (h) was proper because petitioners had an underpayment of tax due to a gross valuation misstatement of their outside basis in MCM. Alternatively, the NOD stated, respondent had determined that the 20-percent penalty of section 6662(a), (b)(1), and (c) was proper to the extent that section 6662(h) did not apply because petitioners had an underpayment of tax due to negligence or disregard of rules and regulations. As a second alternative, the notice stated, respondent had determined that the 20-percent penalty of section 6662(a), (b)(2), and (c) was proper because petitioners had an underpayment of tax attributable to a substantial understatement of income tax.

## VI.  No Audit of Intervest

Respondent has not audited Intervest's Form 1065 for 1999. Nor has respondent notified Intervest that respondent is beginning an audit of Intervest for 1999. Respondent has not issued an FPAA to Intervest for 1999.

VII.  Respondent's Motion To Stay Proceedings

On November 12, 2004, respondent responded to petitioners' motion to dismiss by moving the Court to "stay the proceedings in this case pending the resolution of a federal criminal investigation whose progress and outcome may affect the disposition of this case."  Respondent's motion stated that respondent had just recently learned that petitioners' reported loss was generated in a tax shelter related to an ongoing grand jury investigation into tax shelter activities and that the grand jury investigation could affect or be affected by happenings in this case.  The motion stated that if respondent learned that

> petitioner [sic] had, with the intent to evade tax, signed or participated, directly or indirectly, in the preparation of a partnership return which includes a false or fraudulent item, then in the case of partners participating, any tax imposed by Subtitle A which is attributable to any partnership item (or affected item) for the partnership taxable year to which the return relates may be assessed at any time.  I.R.C. § 6229(c)(1)(A).

> 10.  Furthermore, even if petitioners did not sign or participate directly in the filing of a false or fraudulent partnership return, the period for assessing tax attributable to partnership items related to a false or fraudulent partnership return is six years, rather than three years, from the date on which the partnership return was filed.  I.R.C. § 6229(c)(1)(B). In the instant case, because Intervest's return was filed on October 14, 2000, the period of limitations for assessing tax attributable to partnership items would remain open for purposes of conducting a partnership-level proceeding.

Respondent also noted in the motion that the Commissioner has a longstanding policy generally to defer civil assessment and

collection until the completion of any related criminal proceeding.[5]

On November 18, 2004, the Court granted respondent's motion and stayed all proceedings in this case. The Court later lifted the stay to decide petitioners' motion now before us.

### Discussion

#### I. Jurisdiction

Petitioners move the Court to dismiss this case for lack of jurisdiction. We begin our analysis with some general tenets of our jurisdiction. This Court like other Federal courts is a court of limited jurisdiction. See Evans Publg., Inc. v. Commissioner, 119 T.C. 242, 245-246 (2002). Whether we have jurisdiction over the subject matter of a dispute is an issue that either party may raise at any time. See Charlotte's Office Boutique, Inc. v. Commissioner, 121 T.C. 89, 102 (2003), affd. 425 F.3d 1203 (9th Cir. 2005). Here, our jurisdiction rests on our finding that the NOD issued to petitioners was valid and that petitioners' petition to this Court was timely.[6] See Domulewicz

---

[5] Neither party asserts, nor does the record establish, that petitioners were or are under criminal tax investigation for violation of an internal revenue law related to income tax. See generally sec. 301.6231(c)-5T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987) (rules under which the partnership items of a partner are converted to nonpartnership items when the partner is under criminal tax investigation).

[6] Neither party disputes that the petition would be timely if the NOD were valid. We find similarly and so conclude without
(continued...)

v. Commissioner, 129 T.C. 11, 17 (2007); GAF Corp. & Subs. v. Commissioner, 114 T.C. 519, 521 (2000).  Our jurisdiction, once acquired, continues unimpaired until we enter our ultimate decision and is unaffected by events that occur after the filing of the petition.  See NT, Inc. v. Commissioner, 126 T.C. 191, 194 n.2 (2006); GAF Corp. & Subs. v. Commissioner, supra at 525.

II.  TEFRA in General

We turn to some general tenets involving partnerships. Partnerships are not subject to Federal income tax.  See sec. 701.  Partnerships are nevertheless required to file annual information returns reporting their partners' distributive shares of income, gain, loss, deductions, or credits.  See sec. 6031; see also Randell v. United States, 64 F.3d 101, 103 (2d Cir. 1995); Crowell v. Commissioner, 102 T.C. 683, 688-689 (1994). Partners are required to report their distributive shares of those items on their personal Federal income tax returns.  See secs. 701, 702, 703, and 704.

Before 1982 the Commissioner and the courts had to adjust partnership items at the partner level.  See Adams v. Johnson, 355 F.3d 1179, 1186-1187 (9th Cir. 2004); Randell v. United States, supra at 103; Maxwell v. Commissioner, 87 T.C. 783, 787 (1986).  Congress enacted the unified audit and litigation

_____

[6](...continued)
further discussion.

procedures of TEFRA to remove the substantial administrative burden occasioned by duplicative audits and litigation and to provide consistent treatment of partnership items among all partners in the same partnership. See Adams v. Johnson, supra at 1186-1187; Randell v. United States, supra at 103; H. Conf. Rept. 97-760, at 599-600 (1982), 1982-2 C.B. 600, 662-663. The proper treatment of partnership items at the partnership level is determined under the TEFRA procedures in a single, unified audit and judicial proceeding. See Adams v. Johnson, supra at 1186-1187; Randell v. United States, supra at 103; H. Conf. Rept. 97-760, supra at 599-600, 1982-2 C.B. at 662-663.

The term "partnership items" includes any item of income, gain, loss, deduction, or credit that the Secretary has determined is more appropriately determined at the partnership level than at the partner level. See sec. 6231(a)(3); sec. 301.6231(a)(3)-1(a), Proced. & Admin. Regs. The term does not include an "affected item", defined by statute as any item to the extent the item is affected by a partnership item. See sec. 6231(a)(5); Adkison v. Commissioner, 129 T.C. 97, 102 (2007).

Affected items are of two types. The first type is a computational adjustment made to a partner's tax liability to reflect adjustments to partnership items. See sec. 6231(a)(6). When partnership-level proceedings are complete, the Commissioner may assess computational adjustments against a partner without

issuing a notice of deficiency. See secs. 6225(a), 6230(a)(1); N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 743-744 (1987).

The second type of affected item requires a partner-level determination; it is an adjustment to a partner's tax liability (other than to reflect a penalty, addition to tax, or additional amount relating to an adjustment to a partnership item) to reflect the proper treatment of a partnership item that is dependent upon factual determinations to be made at the partner level. See sec. 6230(a)(2)(A)(i); Domulewicz v. Commissioner, supra at 22-24. The normal deficiency procedures apply to affected items that require partner-level determinations (other than penalties, additions to tax, and additional amounts that relate to adjustments to partnership items). See sec. 6230(a)(2)(A)(i). These procedures require the timely issuance of an NOD as a precondition to the Commissioner's assessment of a deficiency or accuracy-related penalty related to affected items. A valid NOD requires that any partnership-level proceeding involving the related partnership be complete. See sec. 6225(a); GAF Corp. v. Commissioner, supra at 528; Maxwell v. Commissioner, supra at 788.

When an FPAA is issued to the partnership and a partnership-level proceeding as to the FPAA is properly brought in this Court, the partnership-level proceeding is complete when

our decision becomes final.  See sec. 6225(a)(2).  When the Commissioner opts not to begin a partnership-level proceeding or issue an FPAA within the normal period of limitations, the partnership-level proceeding is considered complete when the Commissioner accepts the partnership's return as filed.  See Roberts v. Commissioner, 94 T.C. 853, 860-861 (1990).  Whether the Commissioner has accepted a partnership return as filed is a question of fact that turns in part on a finding of whether the Commissioner opted to allow the normal period of limitations to expire without beginning a partnership-level proceeding.  See id.

III.  Positions of the Parties

The parties agree that respondent has not begun a partnership-level proceeding as to Intervest's 1999 taxable year and that the normal period of limitations with respect to Intervest has expired as to that year.  Petitioners argue that the NOD is invalid (and hence the Court lacks jurisdiction) because respondent issued the NOD to them before accepting Intervest's return for 1999 as filed.  Petitioners support their argument primarily with a reference to the above-quoted statements in respondent's motion to stay.  Petitioners also point the Court to the grand jury investigation and to the Commissioner's general policy that a civil proceeding against a taxpayer should not be commenced while the taxpayer is under criminal investigation.  Petitioners conclude that respondent

deferred his decision on whether to audit Intervest's return until after the completion of the grand jury investigation and any related criminal prosecution.

Respondent acknowledges that the Court lacks jurisdiction to decide any partnership item included in the NOD, e.g., whether the disallowed loss was in fact generated by Intervest. Respondent also concedes that he may no longer adjust Intervest's partnership items absent an exception to the normal period of limitations. Nevertheless, respondent argues that the affected items included in the NOD properly remain in dispute. Those affected items, respondent asserts, include whether petitioners were at risk under section 465 and whether petitioners had a sufficient basis under section 704(d) to deduct any of their reported loss. Respondent also asserts that the accuracy-related penalties are affected items to the extent the penalties do not relate to partnership items. As to petitioners' argument that the NOD was issued prematurely, respondent counters that Intervest's return for 1999 had been accepted as filed as of the time the NOD was issued.

## IV. Timing of the NOD

We agree with respondent that the NOD was not issued prematurely and is valid. Intervest is the partnership to which the partnership items underlying the adjustments in the NOD relate, and respondent has neither begun an audit of Intervest

nor notified anyone that respondent was beginning an audit of Intervest.[7]  See sec. 6223(a).  Respondent therefore could not have issued the NOD to petitioners before the completion of any partnership-level proceeding involving Intervest in that respondent never started any such proceeding in the first place. Where, as here, the Commissioner has opted not to commence within the normal period of limitations a partnership-level proceeding as to an entity subject to TEFRA, section 6225(a) serves as no restriction on the time within that period when the Commissioner may issue an NOD related to the partnership.  It therefore was proper for respondent to have issued the NOD to petitioners just before the normal period of limitations was going to expire on petitioners' (and Intervest's) 1999 taxable years.  Although respondent may have later considered during this proceeding the possibility of beginning a partnership-level proceeding as to Intervest on account of fraud or the like, any such consideration did not invalidate the NOD.

Petitioners assert that this case is indistinguishable from Soward v. Commissioner, T.C. Memo. 2006-262.  There, the Court granted the Commissioner's motion to dismiss for lack of jurisdiction because the Commissioner had issued an NOD while

---

[7]  Because respondent did not commence a partnership-level proceeding as to Intervest for 1999, for purposes of this proceeding the parties are bound by the partnership items as reported on Intervest's return.  See Roberts v. Commissioner, 94 T.C. 853, 862 (1990).

litigation with respect to the FPAA was ongoing. The Soward case is factually distinguishable from this case given that there but not here an FPAA had been issued and litigation as to the FPAA was ongoing when the NOD was issued. Petitioners also assert that respondent was required to wait until the expiration of the normal period of limitations before issuing the NOD to them. We disagree. As stated above, the Commissioner may issue an NOD during the normal period of limitations applicable to a TEFRA entity when at the time of such issuance he has accepted the TEFRA entity's return as filed. Our opinions in Roberts v. Commissioner, supra, and Gustin v. Commissioner, T.C. Memo. 2002-64, are consistent with this interpretation. In both cases, the NOD was issued before the normal period of limitations expired as to the partnership but after the Commissioner had accepted the partnership return as filed.

We note for completeness that we recognize that the NOD at issue referenced MCM (rather than Intervest) as the TEFRA entity to which the adjustments in the NOD related. Petitioners place no weight on this fact in arguing that the Court lacks jurisdiction over this case. Neither do we. Petitioners reported on their 1999 tax return that they were deducting the $4,538,844 loss as a passthrough item from a partnership, identified by them as MCM, and petitioners' return gave no indication that MCM was actually Mr. Meruelo's single-member

limited liability company that was a disregarded entity for Federal tax purposes, or that the loss actually stemmed from Intervest. Nor did MCM or Intervest file with respondent any document that would have placed petitioners' reporting position in question. Respondent made his determination in the NOD on the basis of all information that petitioners had supplied to him as of the time that the NOD was issued.

V. Characterization of the Affected Items

We now turn to petitioners' alternative argument. Petitioners argue that the Court lacks jurisdiction because the affected items set forth in the NOD are not in fact affected items. We disagree. The three items in the NOD that respondent has identified as affected items are in fact affected items that require determinations at the partner level.

First, respondent determined as an affected item that petitioners were not at risk in an activity to which section 465 applies. The ultimate limitation of deductions on account of the amount for which a partner is at risk with respect to an activity must be determined in a partner-level proceeding. See Hambrose Leasing 1984-5 Ltd. Pship. v. Commissioner, 99 T.C. 298 (1992); sec. 301.6231(a)(5)-1(c), Proced. & Admin. Regs.; see also Roberts v. Commissioner, 94 T.C. at 861. Such a determination, therefore, implicates an affected item that requires a determination at the partner level. We note that respondent has

informed the Court that respondent is looking outside the partnership agreement to ascertain whether any "side agreements" would have limited the amount for which petitioners were at risk.

Second, respondent determined as an affected item that section 704(d) also limited petitioners' claim to a deduction of any part of the disallowed loss.  This determination implicates an affected item that requires a determination at the partner level because the section 704(d) limitation restricts at the partner level a partner's ability to claim a partnership loss. See Dial USA, Inc. v. Commissioner, 95 T.C. 1 (1990); sec. 301.6231(a)(5)-1(b), Proced. & Admin. Regs.; see also Gustin v. Commissioner, supra.  A partner must establish his basis in the partnership in order to deduct a partnership loss.  See sec. 704(d).

Third, respondent determined as an affected item that petitioners are liable for an accuracy-related penalty under section 6662.  This determination implicates an affected item that requires a determination at the partner level because the imposition of such a penalty depends entirely upon our decision on the first two affected items, which in turn are peculiar to petitioners and not to Intervest.  See sec. 301.6221-1T(c), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3838 (Jan. 26, 1999) (accuracy-related penalties are partner-level determinations to the extent they are not attributable to an

adjustment to a partnership item); cf. sec. 6221 (penalties attributable to an "adjustment to a partnership item" are determined at partnership level).

VI. Conclusion

We conclude we have jurisdiction to decide this case. We have considered all arguments petitioners have made for a contrary conclusion and, to the extent not discussed, we have rejected those arguments as without merit.

To reflect the foregoing,

An appropriate order will be issued.