118 T.C. No. 20


UNITED STATES TAX COURT


MICHAEL K. AND JUNE C. HAMBRICK, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9260-00.          Filed April 22, 2002.


        Ps filed for a ch. 11 reorganization in
bankruptcy.  R filed a proof of claim setting forth
income tax liabilities for 3 taxable years.  The
bankruptcy court ordered Ps to file returns.  After the
returns were filed, R made amendments to his proof of
claim.  Ps did not object to the tax liabilities set
forth in R's claim, and the bankruptcy court confirmed
the plan of reorganization without deciding the merits
of Ps' tax liabilities.  Following the bankruptcy
court's confirmation of the plan, R determined income
tax deficiencies and additions to tax for the same 3
taxable years.  The deficiencies, if approved, would
result in tax liabilities exceeding those already
claimed by R in the bankruptcy.  Ps contend that R is
estopped from determining deficiencies for the same tax
years already claimed in Ps' bankruptcy reorganization.

    <u>Held</u>:  R is not estopped from determining deficiencies that could result in liabilities for the same tax years greater than those R claimed in Ps' confirmed plan of reorganization in bankruptcy.


Michael K. and June C. Hambrick, pro sese.

<u>William J. Gregg</u>, for respondent.


OPINION

    GERBER, <u>Judge</u>:  In the setting of a motion for partial summary judgment, we consider whether respondent is collaterally estopped from determining income tax deficiencies for the same taxable years in amounts that exceed respondent's tax claims in petitioners' confirmed reorganization under chapter 11 of the Bankruptcy Code.  We also consider petitioners' claim that we lack jurisdiction to consider the income tax deficiencies because of the bankruptcy court's jurisdiction over the confirmed plan, which includes a claim for Federal tax liabilities for the same taxable years.

    The facts are not in dispute.  On August 30, 1996, petitioners filed a bankruptcy petition, under chapter 11 of the Bankruptcy Code, which was styled <u>In re Michael Keith Hambrick and June C. Hambrick</u>, Case No. 96-14754, in the U.S. Bankruptcy Court for the Eastern District of Virginia.  As of the date of their bankruptcy petition, petitioners had not filed Federal income tax returns for 1993, 1994, or 1995.  On or about December

17, 1996, respondent filed a proof of claim in petitioners' bankruptcy proceeding. Respondent's claim consisted of estimated liabilities because petitioners had not filed tax returns. On June 16, 1997, the bankruptcy court compelled petitioners to file Federal income tax returns for their 1993, 1994, and 1995 tax years. The returns were to be filed within 3 years of the date of petitioners' bankruptcy petition.

On the basis of the tax liability petitioners reported, respondent filed his first, second, and third amendments to the proof of claim on or about December 16, 1997, March 10, 1998, and February 9, 1999, respectively. On February 9, 1999, respondent's unsecured priority claims were as follows:

| | Unsecured Priority Claims | |
|---|---|---|
| Year | Tax Due | Interest to Bankruptcy Petition Date |
| 1993 | $41,517 | $9,123.09 |
| 1994 | 2,163 | 258.80 |
| 1995 | 1 | -0- |
| 1996 | 2,191 | -0- |

At the same time, respondent's unsecured general claims totaled $20,090.

On October 5, 1999, petitioners' Fourth Amended Plan of Reorganization was confirmed by the bankruptcy court. On or about June 5, 2000, respondent mailed a statutory notice of deficiency to petitioners determining income tax deficiencies and additions to tax for their 1993, 1994, and 1995 tax years. The deficiencies, if approved, would result in the following

increases to petitioners' income tax liabilities over the amounts
claimed for the same taxable years in petitioners' bankruptcy
proceeding:

|  |  | Additions to Tax | Penalties |
| Year | Deficiency | Sec. 6651 | Sec. 6662 |
| 1993 | $57,252 | $14,650.50 | $11,450.40 |
| 1994 | 59,545 | 14,886.25 | 11,909.00 |
| 1995 | 38,330 | 9,582.50 | 7,666.00 |

In response to the notice, petitioners filed a petition with this
Court. Petitioners resided in Leesburg, Virginia, at the time
their petition was filed.

I. Jurisdiction

Preliminarily, petitioners questioned whether we have
jurisdiction over the deficiency determination considering that
the bankruptcy court had jurisdiction over petitioners' assets,
debts, and more particularly the same taxable years. This
Court's jurisdiction is limited to the extent provided by
statute. Sec. 7442;[1] Pyo v. Commissioner, 83 T.C. 626, 632
(1984). Our jurisdiction to redetermine a deficiency in tax
depends on a valid notice of deficiency and a timely filed
petition. Sec. 6213(a); Savage v. Commissioner, 112 T.C. 46, 48
(1999). Respondent issued a timely notice of deficiency on June
5, 2000. Petitioners timely filed their petition with this Court

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the tax years in issue,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

on September 1, 2000, resulting in our jurisdiction to redetermine the deficiencies determined in the notice. See generally secs. 6211 through 6214.

At any time during this proceeding, petitioners could have moved the bankruptcy court to reopen their bankruptcy proceeding in order to adjudicate the proposed deficiency. See sec. 6871(c). If petitioners' bankruptcy proceeding was to be reopened, 11 U.S.C. sec. 505 (2000) would permit the bankruptcy court to:

> determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

Because petitioners did not seek to reopen their bankruptcy proceeding, we continue to have jurisdiction over the deficiencies respondent determined.

II. Motion for Partial Summary Judgment

Summary judgment is an appropriate means by which to resolve legal issues where the pleadings, admissions, and other materials, including affidavits, demonstrate that no genuine issue exists as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). Summary judgment is a procedure used to expedite litigation, but it is not a substitute for trial where factual

issues are in controversy. Espinoza v. Commissioner, 78 T.C. 412, 415-416 (1982); Shiosaki v. Commissioner, 61 T.C. 861 (1974). No factual issues exist with regard to the question of whether collateral estoppel applies in this case.

Petitioners argue that the principles of collateral estoppel and/or res judicata apply to preclude respondent from determining deficiencies that would cause the tax liabilities to exceed those claimed by respondent and approved in connection with the confirmation of petitioners' plan for reorganization. Petitioners contend that the filing of a proof of claim in conjunction with the bankruptcy court's confirmation of the plan precludes respondent from determining additional income tax deficiencies for the same taxable years.

The judicially created doctrines of collateral estoppel and res judicata are intended to protect litigants from the burden of relitigating an identical issue and to promote judicial economy by preventing unnecessary or redundant litigation. The general principle of res judicata is that once a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are bound as to each matter that sustained or defeated the claim, and as to any other matter that could have been offered for that purpose. Commissioner v. Sunnen, 333 U.S. 591, 597 (1948). The traditional elements of res judicata are: Identity of the

parties; prior judgment by a court of competent jurisdiction; final judgment on the merits; and the same cause of action. In re A.H. Robins Co., 880 F.2d 694 (4th Cir. 1989); Republic Supply Co. v. Shoaf, 815 F.2d 1046 (5th Cir. 1987).

In a substantially similar case to the case we consider, the Court of Appeals for the Tenth Circuit addressed the issue of whether the Commissioner is precluded by res judicata or equitably estopped from assessing deficiencies in connection with tax liabilities already claimed in and allowed in lesser amounts in a confirmed plan of reorganization. In re DePaolo, 45 F.3d 373 (10th Cir. 1995). In that case, the debtor filed for bankruptcy, and the Commissioner filed a proof of claim and amendments to the proof of claim which set forth the debtor's tax liability for the tax years 1984 through 1987. The Commissioner did not object to the debtor's plan of reorganization, which was confirmed by the bankruptcy court in 1988. The debtor began making payments on his tax liability pursuant to the plan, and in October 1989, the bankruptcy court issued an order closing the bankruptcy proceedings. Thereafter, the Commissioner audited the debtor's 1986 tax return and, as a result of the audit, issued a notice of deficiency determining that the debtor owed an additional $12,000 in income tax and additions to tax of $2,024. The debtor moved to reopen the bankruptcy proceedings, seeking a declaratory judgment to determine the scope and effect of the

confirmed plan.  The debtor argued that the principles of res judicata and equitable estoppel prohibited the Commissioner from assessing additional tax for 1986.

The provisions of a confirmed plan generally bind the debtor and the creditors whether or not the debtor's claim or interest is impaired under the plan and irrespective of whether the debtor has accepted the plan.  11 U.S.C. sec. 1141 (2000).  Excepted from discharge under 11 U.S.C. sec. 1141, however, are any debts outlined in 11 U.S.C. sec. 523 (2000).  The court in In re DePaolo, supra at 375, held that a confirmed plan does not discharge an individual debtor from any tax debt within the purview of 11 U.S.C. sec. 507(a)(7) (now 11 U.S.C. sec. 507(a)(8)), whether or not a claim for such tax was filed or allowed.  The court in In re DePaolo, supra, opined:

> While principles of res judicata apply generally to bankruptcy proceedings, the plain language of 1141 and 523 forbid the application of those principles to the facts of this case.  By expressly providing that the described taxes are not discharged "whether or not a claim for such taxes was filed or allowed," 11 U.S.C. 523(a)(1)(A)(emphasis added), Congress has determined that the IRS may make a claim for taxes for a particular year in a bankruptcy proceeding, accept the judgment of the bankruptcy court, then audit and make additional claims for that same year, even though such conduct may seem inequitable or may impair the debtor's fresh start.  * * * "although allowing the IRS to pursue its claim after the confirmation and consummation of a Chapter 11 plan admittedly conflicts with the 'fresh start' policy animating the [Bankruptcy] Code's discharge provisions, 'it is apparent to us that Congress has made the choice between collection of revenue and rehabilitation of the debtor by making it extremely difficult for a debtor to

avoid payment of taxes under the Bankruptcy Code.'
This is an express congressional policy judgment that
we are bound to follow." [In re DePaolo, supra at 376
(quoting Grynberg v. United States, 986 F.2d 367, 371
(10th Cir. 1993) (quoting United States v. Gurwitch,
794 F.2d 584, 585 (11th Cir. 1986))); fn. ref.
omitted.]

The facts of this case and the facts in In re DePaolo,
supra, are substantially similar. Here, the claims respondent
filed in petitioners' bankruptcy were for the type of debts
described in 11 U.S.C. sec. 523. The only factual difference of
any significance between the case we consider and In re DePaolo,
supra, is that petitioners chose to file a petition in the Tax
Court rather than moving to reopen the bankruptcy proceeding.
That distinction does not make a difference with respect to the
issue we consider here.

In Fla. Peach Corp. v. Commissioner, 90 T.C. 678 (1988), we
held that a taxpayer was precluded from relitigating tax
liabilities that the bankruptcy court had allowed. In Fla. Peach
Corp., upon the Commissioner's filing of a proof of claim, the
debtor's objection created a need for a hearing under 11 U.S.C.
sec. 505 to determine the viability of the underlying tax claim.

In the present case, there is no indication that the
bankruptcy court inquired into the merits of petitioners' tax
liability in the process of confirmation. Petitioners did not
object to respondent's proof of claim, and there was no need for
an 11 U.S.C. sec. 505 hearing to determine the merits of the

underlying tax claim.  Without a final judgment on the merits, res judicata cannot apply.

Next we consider whether collateral estoppel precludes respondent from determining a deficiency larger than the one claimed in the bankruptcy proceeding.  Under the doctrine of collateral estoppel, or issue preclusion, the judgment in the prior suit precludes, in the second cause of action, litigation of issues actually litigated and necessary to the outcome of the first action.  Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979).  In Montana v. United States, 440 U.S. 147 (1979), the Supreme Court used a three-prong test to determine when the use of collateral estoppel is appropriate.  The Supreme Court looked at whether the issues in the subsequent litigation were, in substance, the same as those in the first case; whether the controlling facts or legal principles have significantly changed since the first litigation; and whether other special circumstances warrant an exception to the normal rules of preclusion.  Id. at 155.  In Peck v. Commissioner, 90 T.C. 162, 166 (1988), affd. 904 F.2d 525 (9th Cir. 1990), we held that collateral estoppel applies in the context of a factual dispute only when the following conditions are satisfied:  (1) The issue in the second suit must be identical in all respects with the one decided in the first suit; (2) there must be a final judgment rendered by a court of competent jurisdiction; (3) collateral

estoppel may be invoked against the parties and their privies to the prior judgment; (4) the parties must actually have litigated the issues, and the resolution of these issues must have been essential to the prior decision; and, (5) the controlling facts and applicable legal rules must remain unchanged from those in the prior litigation.

Here, petitioners' tax liability was incorporated into their plan for reorganization on the basis of respondent's uncontested proof of claim, which in turn was based on petitioners' tax returns filed during the bankruptcy proceeding. As we discussed above, there is no indication that the merits of petitioners' tax liability were litigated in the bankruptcy proceeding or that the plan was confirmed on the bases of the underlying merits of the tax claims. Because the bankruptcy court did not enter a judgment on the bases of the merits of the tax claim, respondent is not precluded from determining a tax deficiency. See <u>Limited Gaming of Am., Inc. v. Commissioner</u>, T.C. Memo. 2001-273.

To reflect the foregoing,

<u>An appropriate order will</u>

<u>be issued.</u>