# United States Tax Court

T.C. Memo. 2024-30

LANCE C. STANDIFIRD,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 7964-19.                          Filed March 14, 2024.

————————

Lance C. Standifird, pro se.

*Ashleigh R. Wise Friedman*, *Michael R. Harrel*, and *Rachael J. Zepeda*, for respondent.

## MEMORANDUM OPINION

GREAVES, *Judge*: This case is a partner-level proceeding under the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, § 402(a), 96 Stat. 324, 648–71.[1] The Internal Revenue Service (IRS or respondent) determined income tax deficiencies and asserted additions to tax under sections 6651(a)(2), 6651(f), and 6654 with respect to petitioner's federal income taxes for 2008 through 2010 (years at issue).[2] This case is before the Court on respondent's Motion for Summary Judgment under Rule 121, contending that there are no disputed issues of material fact and that his determinations in the

———————

[1] TEFRA was repealed by the Bipartisan Budget Act of 2015, Pub. L. No. 114-74, § 1101(a), 129 Stat. 584, 625.

[2] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*2]** notices of deficiency and assertions of additions to tax in the answer were proper as a matter of law. For the reasons set forth below, we will dismiss for lack of jurisdiction the deficiencies related to the partnership items. We will grant respondent's motion as it relates to petitioner's liability for additions to tax under sections 6651(f) and 6654. We will deny respondent's motion as it relates to additions to tax under section 6651(a)(2), which respondent raised for the first time in his Motion for Summary Judgment.

*Background*

The following facts are based on the parties' motion papers and the attached exhibits and, unless otherwise stated, are not disputed. Petitioner resided in Arizona when he timely filed the petition. This case relates to the adjustments respondent made to petitioner's income tax for the years at issue, which are based on a prior partnership-level proceeding.

The origin of the partnership transaction under scrutiny began with a prior deficiency case involving petitioner. In 1993 petitioner invoked our jurisdiction related to respondent's determination that he failed to report self-employment income that he received as an independent contractor from Mobile Media in 1991. *See Standifird v. Commissioner*, T.C. Memo. 1995-348, 1995 WL 447962. We sustained the determinations in the notice of deficiency, finding that petitioner failed to report the compensation for services he performed. *Id.* at \*2. The U.S. Court of Appeals for the Ninth Circuit affirmed our decision. *Standifird v. Commissioner*, 87 F.3d 1322 (9th Cir. 1996).

Following the Ninth Circuit's decision, two trusts, the Ozark Pure Trust and the Pylori Pure Trust, were formed.[3] The trustee of the Ozark Pure Trust was petitioner's brother, and the trustee of the Pylori Pure Trust was petitioner's sister. Petitioner then caused the two trusts to form Solutus, LLC (Solutus), an Arizona limited liability company. Solutus had two partners of record, the Ozark Pure Trust and the Pylori Pure Trust, and filed partnership returns for the years at issue.

---

[3] Neither petitioner nor his brother provided the trust agreements during the examination process or to this Court. Therefore, we are unable to determine the grantors or beneficiaries of the trusts. As discussed *infra*, we previously determined the facts in this paragraph in the partnership-level proceeding. Transcript of Bench Opinion, *Solutus, LLC v. Commissioner*, No. 29600-13 (Nov. 14, 2017).

**[*3]** Petitioner directed Mobile Media to pay Solutus for his services. Solutus's funds were then made available for petitioner's personal use through the cooperation of his siblings as the trustees of the partner trusts. His access to the money included possession of signed, blank checks related to the trusts' bank accounts. Solutus timely filed Forms 1065, U.S. Return of Partnership Income, for the years at issue, including as gross income the payments from Mobile Media.

Petitioner failed to file individual tax returns for tax years 2007 through 2010 and failed to pay estimated taxes for the years at issue. Subsequently, respondent conducted examinations of petitioner's and Solutus's returns for the years at issue. Neither petitioner nor Solutus cooperated with respondent during the audits. Petitioner's brother asserted that he was the tax matters partner of Solutus but failed to supply documentation confirming this status. The revenue agent scheduled conferences regarding the examination of Solutus's returns, but neither petitioner's brother nor petitioner appeared. Respondent concluded the examination and issued Letter 1830, Notice of Final Partnership Administrative Adjustment (FPAA), to Solutus's tax matters partner and to petitioner. The FPAA disallowed various deductions for lack of substantiation, determined that Solutus had no business purpose other than tax avoidance, assigned the Mobile Media income to petitioner as the sole owner of Solutus, and determined penalties under section 6662(a) were applicable. Petitioner's brother, as tax matters partner, timely filed a petition with this Court for readjustment of the items in the FPAA.

As for petitioner's individual income tax liability, respondent prepared substitutes for returns (SFRs) that met the requirements of section 6020(b) for the years at issue, including the payments from Mobile Media in petitioner's income. Respondent issued petitioner a notice of deficiency dated September 24, 2013, determining deficiencies, additions to tax, and penalties.[4] Petitioner petitioned this Court for redetermination. This Court, on petitioner's motion, dismissed the case for lack of jurisdiction on the ground that the notice of deficiency was invalid. Specifically, we concluded that the unreported income that formed the basis of the notice of deficiency was dependent upon the partnership-level determinations for Solutus and that petitioner's

---

[4] Respondent issued the notice of deficiency before the partnership-level proceeding as a protective measure after the Court's holding in *Hang v. Commissioner*, 95 T.C. 74, 80 (1990) (holding that identifying a shareholder that was not a record shareholder was outside the scope of review in an S corporation-level proceeding).

[*4] individual deficiency could not be determined until the conclusion of the partnership-level proceeding.

The Court continued with the partnership-level proceeding. Throughout the proceeding, petitioner's brother alleged that petitioner was not a partner of Solutus and that he did not represent petitioner. Petitioner's brother filed a motion for summary judgment, asking this Court to find that petitioner was not a party to the partnership-level proceeding and that it was improper to determine petitioner's partnership status in the partnership-level proceeding. Respondent also filed a motion for summary judgment, and petitioner's brother again asserted that the Court could not determine whether petitioner was a partner in the partnership-level proceeding.

The case was scheduled for a hearing on outstanding motions and a trial at the Court's October 11, 2017, Phoenix, Arizona, trial session. One day before the trial, Solutus filed a Notice of Non-participation in Trial, claiming that the Court lacked authority in a partnership-level proceeding to make determinations regarding petitioner's status as a partner.

After a hearing on the outstanding motions and the trial,[5] this Court issued a bench opinion sustaining the readjustments in the FPAA. *See* Transcript of Bench Opinion, *Solutus, LLC*, No. 29600-13. The Court expressly found that it had jurisdiction in the partnership-level proceeding to make determinations regarding petitioner. This Court also found that (1) petitioner was the proper recipient of the income claimed by Solutus, (2) Solutus had no business purpose and was a sham, (3) the period of assessment was extended under section 6229(c) because petitioner's brother knowingly signed false partnership returns, and (4) penalties under section 6662(a) were appropriate. Regarding the period of assessment issue, the Court acknowledged that respondent may have been correct in arguing that petitioner himself engaged in fraud but held that such a determination was not required because petitioner's brother, as the trustee of the Ozark Pure Trust, was a partner of record and knowingly signed the false returns.

On the basis of our decision in the partnership-level proceeding, respondent issued petitioner three notices of deficiency, dated February 15, 2019, regarding the years at issue. Respondent determined deficiencies, additions to tax under section 6651(a)(1) for

---

[5] No one appeared on behalf of petitioner at either the hearing or the trial.

[*5] failure to timely file his individual tax returns, and penalties under section 6662(a).  On May 20, 2019, petitioner petitioned this Court for redetermination of the deficiencies, additions to tax, and penalties.  In his answer, respondent asserted additions to tax under section 6654.  Respondent also asserted additions to tax under section 6651(f), reserving the additions to tax under section 6651(a)(1) as determined in the notice as an alternative.

On March 9, 2023, respondent filed a Motion for Summary Judgment on the ground that there are no disputed issues of material fact and that he is entitled to judgment as a matter of law.  Respondent, for the first time in this litigation, asserted additions to tax under section 6651(a)(2).  Respondent also provided updated calculations regarding petitioner's income tax deficiencies and additions to tax to remedy a clerical error in the answer on Form 5278, Statement – Income Tax Changes, dated February 23, 2023.  On April 4, 2023, we ordered petitioner to file an objection to the Motion for Summary Judgment by May 4, 2023.  Petitioner filed an Objection on May 4, 2023, contesting the effect of the partnership-level proceeding on this case.

After concessions,[6] the issues that remain are whether petitioner may challenge the income tax deficiencies relating to adjustments from Solutus and whether he is liable for additions to tax under sections 6651(a)(2), 6651(f), and 6654.

## *Discussion*

I.   *Jurisdiction to Redetermine Income Tax Deficiencies and Self-Employment Tax Liability*

We are a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress.  *See* § 7442; *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985).  The Court's jurisdiction may be challenged by either party, or by the Court sua sponte, at any stage of the proceeding.  *See Smith v. Commissioner*, 96 T.C. 10, 13–14

---

[6] Respondent concedes that the accuracy-related penalties "are not applicable in this case."  Petitioner concedes that he received the interest and dividend income in the years at issue for the amounts determined in the notices of deficiency.  Petitioner is further deemed to concede the following issues because he failed to allege error in his petition: (1) his filing status is single, (2) he is entitled to the standard deduction, (3) he is entitled to one exemption, and (4) he is entitled to deduct one half of his self-employment tax.  *See* Rule 34(b)(1)(G); *Perkins v. Commissioner*, 150 T.C. 119, 122 n.3 (2018), *aff'd*, 970 F.3d 148 (2d Cir. 2020).

**[\*6]** (1991). We have jurisdiction to determine whether we have jurisdiction. *See Pyo v. Commissioner*, 83 T.C. 626, 632 (1984); *Kluger v. Commissioner*, 83 T.C. 309, 314 (1984).

During the years at issue TEFRA governed the tax treatment and audit procedures for partnerships. TEFRA was codified as sections 6221 through 6234. Section 6231(a)(1)(A) generally applies the TEFRA provisions to any entity that is required to file a partnership return. Additionally, if an entity files a partnership return but it is determined that the entity does not exist or that the entity is not a partnership, the provisions of TEFRA apply, absent exceptions not applicable here. § 6233; Treas. Reg. § 301.6233-1. Under TEFRA, partnership-related tax matters are addressed in two stages: a partnership-level proceeding to adjust partnership items and a partner-level adjustment to make resulting affected item adjustments in the tax liability of the individual partner.

Under TEFRA, the Court's jurisdiction in a partnership-level proceeding extends solely to the determination of all partnership items for the taxable year to which a notice of FPAA relates, the proper allocation of such items among the partners, and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item. § 6226(f). A partnership item is defined as "any item required to be taken into account for the partnership's taxable year . . . to the extent regulations prescribed by the Secretary provide that . . . such item is more appropriately determined at the partnership level than at the partner level." § 6231(a)(3); *see also Blonien v. Commissioner*, 118 T.C. 541, 551 (2002), *as supplemented by* T.C. Memo. 2003-308. The regulations provide a nonexclusive list of partnership items, which include the partnership aggregate and each partner's share of items of income, gain, loss, deduction, or credit of the partnership. *See* Treas. Reg. § 301.6231(a)(3)-1(a)(1)(i). As a general rule, a partnership item is one that affects the distributive shares of the partners. *See Blonien*, 118 T.C. at 551 n.6.

After the final partnership-level proceeding, the Commissioner must make corresponding adjustments to the partners' individual tax liabilities. These adjustments are related to affected items. An affected item is "any item to the extent such item is affected by a partnership item." § 6231(a)(5); *see also Maxwell v. Commissioner*, 87 T.C. 783, 790–91 (1986) ("An item whose existence or amount is dependent on any partnership item is an affected item."). Two types of affected items are relevant to this discussion: computational adjustments, which do not

**[\*7]** require partner-level factual determinations, and affected items that require a factual determination at the partner level. § 6231(a)(5) and (6); *Domulewicz v. Commissioner*, 129 T.C. 11, 19 (2007), *aff'd in part, remanded in part on other grounds sub nom. Desmet v. Commissioner*, 581 F.3d 297 (6th Cir. 2009). Computational adjustments are not subject to deficiency procedures, and the Commissioner is not required to issue a notice of deficiency before making the adjustments. § 6230(a)(1). In a partner-level proceeding, we lack jurisdiction to consider computational adjustments. *See* § 6230(a)(1); *Sente Inv. Club P'ship of Utah v. Commissioner*, 95 T.C. 243, 248–50 (1990).

In contrast, affected items that require a factual determination at the partner level are subject to deficiency procedures, and the Commissioner is required to issue a notice of deficiency. § 6230(a)(2)(A). A partner may file a petition to institute a partner-level proceeding regarding these affected items. *See Domulewicz*, 129 T.C. at 21. Even if we have jurisdiction to consider partner-level affected items, we still lack jurisdiction to redetermine partnership items and computational adjustments. *See* § 6221; *Maxwell*, 87 T.C. at 788.

In the prior partnership-level proceeding, we held that the following items were partnership items within our jurisdiction: (1) petitioner is a partner of Solutus and the income was properly included in his personal gross income, (2) Solutus was organized for tax avoidance and had no business purpose, (3) the payments from Mobile Media were compensation for services rendered by petitioner, and (4) the net earnings of Solutus are subject to self-employment tax (collectively, partnership determinations). As partnership items of Solutus, they may not be litigated in a partner-level proceeding. *See* § 6221. But petitioner seeks to challenge our threshold jurisdictional determination in the partnership-level proceeding that these items were partnership items. Functionally, in terms of our jurisdiction in this case, petitioner's argument asks us to determine that the adjustments in the notice of deficiency are not computational adjustments because they do not flow from properly determined partnership items. Under petitioner's theory, we would not be required to dismiss for lack of jurisdiction these adjustments as computational adjustments. Regardless of the merits of petitioner's argument,

**[\*8]** collateral estoppel[7] prevents petitioner from challenging in this partner-level proceeding whether we had jurisdiction in the partnership-level proceeding over the partnership determinations.

Res judicata and collateral estoppel are judicially created doctrines that "intend[] to protect litigants from the burden of relitigating an identical issue and . . . promote judicial economy by preventing unnecessary or redundant litigation." *See Hambrick v. Commissioner*, 118 T.C. 348, 351 (2002). Res judicata, or claim preclusion, means that "once a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are bound as to each matter that sustained or defeated the claim, and as to any other matter that could have been offered for that purpose." *Id.* The elements of res judicata are (1) identity of the parties; (2) prior judgment by a court of competent jurisdiction; (3) final judgment on the merits; and (4) the same cause of action. *See id.*

Collateral estoppel, or issue preclusion, precludes the relitigation of issues in a second case if those issues were actually litigated and necessary to the outcome of the first case. *See id.* at 353. The elements of collateral estoppel are (1) the issue in the second suit must be identical to the issue decided in the first suit; (2) there must be a final judgment rendered by a court of competent jurisdiction; (3) the party against whom collateral estoppel is invoked must have been a party, or a privy to a party, in the first suit; (4) the issue must have been actually litigated and resolution of the issue must have been essential to the judgment in the prior decision; and (5) the controlling facts and applicable legal rules must remain unchanged from those in the prior suit. *See Peck v. Commissioner*, 90 T.C. 162, 166–67 (1988), *aff'd*, 904 F.2d 525 (9th Cir. 1990); *see also Ron Lykins, Inc. v. Commissioner*, 133 T.C. 87, 101 (2009).

Collateral estoppel applies to the determination of jurisdiction, even if the prior decision was incorrect. *See Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, 913 (9th Cir. 1997) (holding that an erroneous decision in the first case is not sufficient to preclude application of collateral estoppel); *Kendall v. Overseas Dev. Corp.*, 700 F.2d 536, 538 n.2 (9th Cir. 1983) ("The case is governed more precisely by the principles of issue preclusion, or collateral estoppel,

---

[7] Respondent requests that we apply res judicata to determine that petitioner cannot challenge the partnership items. However, it is more appropriate to apply collateral estoppel.

**[\*9]** because only the issue of . . . jurisdiction is sought to be precluded."); *Thompson v. Commissioner*, 137 T.C. 220, 236–39 (2011) (holding that a taxpayer in a partner-level proceeding could not challenge the Court's jurisdiction in the partnership-level proceeding to determine outside basis of the partners, even if erroneous, because the issue of jurisdiction was final), *rev'd and remanded on other grounds*, 729 F.3d 869 (8th Cir. 2013).[8]

Petitioner was a party to the partnership-level proceeding because he was deemed a partner in the FPAA. *See* § 6226(c); *Pettennude v. Commissioner*, T.C. Memo. 2022-79, at \*7 (stating that the taxpayer was bound by the partnership-level determination as to whether he was a partner because he "never moved to participate in [the partnership] proceedings, where he could have appropriately challenged whether he was a partner. As a result, he was treated as a party to those proceedings and is bound by their outcomes."). The jurisdictional issue in this case, whether the partnership determinations were partnership items such that we had jurisdiction in the partnership-level proceeding, is identical to the jurisdictional issue raised by petitioner's brother in the partnership-level proceeding. There was a valid final judgment regarding our jurisdiction by this Court. Petitioner's brother did not appeal the decision, and the partnership level proceeding is "final" within the meaning of section 7481(a)(1).

The issue of jurisdiction was actually litigated and essential to the decision. In the partnership-level proceeding, petitioner's brother placed into controversy whether the Court had jurisdiction to find that petitioner was a partner of Solutus in his petition and his motion for summary judgment. In the bench opinion, we specifically exercised jurisdiction over the partnership determinations. Transcript of Bench Opinion, *Solutus, LLC*, No. 29600-13. The issue of jurisdiction was essential because the Court could not have rendered a decision without jurisdiction. *See Meier v. Commissioner*, 91 T.C. 273, 285 (1988) (defining the test for an essential issue as "whether the issue was actually recognized by the parties as important and by the trier as necessary to the first judgment" (quoting Restatement (Second) of Judgments § 27 (Am. L. Inst. 1982)). Finally, the controlling facts and applicable laws have not changed. Thus, collateral estoppel applies to

---

[8] The Court revisited the issue of collateral estoppel on remand and again held that the taxpayer was estopped from arguing that the Court lacked jurisdiction in the partnership-level proceeding. *See Thompson v. Commissioner*, T.C. Memo. 2014-154, at \*7–8, *supplementing* 137 T.C. 220 (2011), *aff'd*, 821 F.3d 1008 (8th Cir. 2016).

[*10] our determination that we had jurisdiction in the partnership-level proceeding to make the partnership determination. Therefore, petitioner is estopped from contesting whether we properly determined that the partnership determinations were partnership items within our jurisdiction in the partnership-level proceeding.

On the basis of the partnership-level proceeding, respondent adjusted petitioner's income to properly include the income from Solutus, resulting in adjustments to petitioner's income tax and self-employment tax deficiencies.[9] These items are computational adjustments that require no additional factual development at the partner level. *See* § 6231(a)(6). Therefore, these adjustments are not subject to deficiency procedures, and we lack jurisdiction in this case to consider the adjustments. *See Sente Inv. Club P'ship of Utah*, 95 T.C. at 248–50. Having found that we lack jurisdiction to reconsider the partnership determinations and corresponding computational adjustments in this partner-level proceeding, we need not consider respondent's argument that petitioner cannot challenge the partnership determinations because of res judicata. *See Brookes v. Commissioner*, 108 T.C. 1, 7 (1997). The computational adjustments relating to the inclusion of income from Solutus are dismissed for lack of jurisdiction.[10]

## II. *Summary Judgment*

The purpose of summary judgment is to expedite litigation and avoid costly, unnecessary, and time-consuming trials. *See FPL Grp., Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74 (2001). We may grant summary judgment where there is no genuine dispute of material fact

---

[9] Even if petitioner was not estopped from arguing that the Court lacked jurisdiction in the partnership-level proceeding, we were correct in our determinations that the partnership determinations were partnership items. *See Napoliello v. Commissioner*, 655 F.3d 1060, 1065 (9th Cir. 2011), *aff'g* T.C. Memo. 2009-104; *Crescent Holdings, LLC v. Commissioner*, 141 T.C. 477, 485 (2013); *Renkemeyer, Campbell & Weaver, LLP v. Commissioner*, 136 T.C. 137, 146–50 (2011); *Pettennude*, T.C. Memo. 2022-79, at *7; *Pac. Mgmt. Grp. v. Commissioner*, T.C. Memo. 2018-131, at *39. Therefore, we would likewise not have jurisdiction to consider the partnership determinations.

[10] Petitioner also asserts in his petition that the notices of deficiency are invalid under section 6212(c)(1) because respondent sent the notices of deficiency after the dismissal of his first individual case, which related to the same years at issue. Because the first notices of deficiency were invalid, section 6212(c)(1) did not prevent respondent from reissuing notices of deficiency for the years at issue. *See Pack v. Commissioner*, T.C. Memo. 2009-150, slip op. at 17; *Carnahan v. Commissioner*, T.C. Memo. 1991-168.

**[\*11]** and a decision may be rendered as a matter of law. *See* Rule 121(a)(2); *Elec. Arts, Inc. v. Commissioner*, 118 T.C. 226, 238 (2002). Furthermore, we construe the facts and draw all inferences in the light most favorable to the nonmoving party to decide whether summary judgment is appropriate. *See Bond v. Commissioner*, 100 T.C. 32, 36 (1993). The nonmoving party may not rest upon the mere allegations or denials of his pleading but must set forth specific facts showing that there is a genuine dispute for trial. *See* Rule 121(d); *Bond*, 100 T.C. at 36. We conclude that no material facts are in dispute and that the case may be adjudicated summarily.

A.     *Additions to Tax Generally*

In his answer respondent asserted additions to tax under section 6654 for failure to pay estimated taxes, additions to tax under section 6651(f) for fraudulent failure to file, and (in the alternative to fraudulent failure to file) additions to tax under section 6651(a)(1) for failure to timely file as determined in the notice of deficiency. Respondent may assert additions to tax in the answer, but he bears the burden of proof with respect to them. *See* § 6214(a); *Estate of Jung v. Commissioner*, 101 T.C. 412, 448 (1993). In his Motion for Summary Judgment, respondent also asserted additions to tax under section 6651(a)(2) for failure to timely pay.

As outlined above, affected items that require a factual determination at the partner-level are subject to deficiency procedures, and the Commissioner is required to issue a notice of deficiency. § 6230(a)(2)(A).[11] Thereafter, a partner may file a petition to institute a partner-level proceeding regarding these affected items. *See Domulewicz*, 129 T.C. at 21. These additions to tax are affected items because they are attributable to the increase in petitioner's income as a result of taking into account the partnership income of Solutus. *See* § 6231(a)(5); *Meruelo v. Commissioner*, 132 T.C. 355, 367 (2009), *aff'd*, 691 F.3d 1108 (9th Cir. 2012); *Estate of Simon v. Commissioner*, T.C. Memo. 2013-174, at \*12 (holding that the Court had jurisdiction in a partner-level proceeding to determine an addition to tax under

---

[11] We separately consider whether penalties or additions to tax are within our jurisdiction. *See Thompson*, 137 T.C. at 234–35; *Gunther v. Commissioner*, T.C. Memo. 2019-6, at \*7–15, *aff'd*, 789 F. App'x 836 (11th Cir. 2020). *See also Lindsey v. Commissioner*, T.C. Memo. 2002-278, slip op. at 4–7 (determining that we had jurisdiction to determine the applicability of the section 6662 penalties in a partner-level proceeding under a previous version of section 6230 but lacked jurisdiction to redetermine deficiencies attributable to partnership items).

[*12] section 6651(a) because the addition to tax was attributable to the deficiency). Further, these additions to tax require partner-level factual determinations—whether petitioner filed his personal income tax returns, paid his personal tax liabilities, and paid estimated taxes on his personal tax liabilities. *See* §§ 6230(a)(2)(A)(i), 6231(a)(5); *Domulewicz*, 129 T.C. at 19.

However, section 6230(a)(2)(A)(i) places an additional constraint on our review of additions to tax: The section excludes from deficiency procedures "penalties, additions to tax, and additional amounts that relate to adjustments to partnership items." If an addition to tax or a penalty is excluded under section 6230(a)(2)(A)(i), we lack jurisdiction to redetermine its applicability and to evaluate partner-level defenses. *See Domulewicz*, 129 T.C. at 23. Therefore, we must determine whether these additions to tax "relate" to partnership items. An addition to tax is related to a partnership item if it is based on the behavior of the partnership or is directly attributable to a partnership liability. *See id.* at 22–23; *YA Global Invs., LP v. Commissioner,* 151 T.C. 11, 15–16 (2018) (interpreting identical text in section 6226(f)); *see also Estate of Simon,* T.C. Memo. 2013-174, at *12.

These additions to tax relate to petitioner's individual behavior: his failure to file his individual tax returns, his failure to pay his individual taxes, and his failure to make his individual estimated tax payments. Although petitioner may not have had these obligations in the absence of the allocation of Solutus's income to him, the additions to tax were not based on behavior at the partnership level. *Cf. YA Global Invs., LP v. Commissioner*, No. 14546-15, 161 T.C., slip op. at 98–133 (Nov. 15, 2023) (determining the applicability of additions to tax for failure to file tax returns and failure to pay withholding taxes at the partnership level when the failures were those of the partnership); *see also Meruelo*, 132 T.C. at 367 (determining that accuracy-related penalties related to an overstatement of a partner's individual basis and excess loss deduction were affected items because the basis determination was particular to the partner). Further, the penalties are not directly attributable to any liability of the partnership. *See YA Global Invs., LP*, 151 T.C. at 15–16 (determining that additions to tax related to the partnership's liability to pay withholding taxes were properly considered at the partnership level). Therefore, these additions to tax are not excluded from our jurisdiction in this partner-level proceeding.

**[\*13]** Before determining whether to sustain the additions to tax, we will address two arguments petitioner advances that are broadly applicable to the additions to tax. First, petitioner contends that the applicability of additions to tax under sections 6651(a) and 6654 must be determined at the partnership level before they can be imposed at the partner level. Section 6226(f) provides the Court with jurisdiction in the partnership-level proceeding to "determine . . . the applicability of any penalty, addition to tax, or additional amount which *relates to* an adjustment to a partnership item." (Emphasis added.) Petitioner cites *United States v. Woods*, 571 U.S. 31 (2013), which he argues required the Court to determine the applicability of the additions to tax at the partnership-level proceeding.

Petitioner's reliance on *Woods* is improper. In *Woods* the Supreme Court held that penalties under section 6662(a) regarding an overstatement of outside basis in a partnership interest were related to the determination that the partnership was a sham. *See id.* at 40–41. The Court explained that deferring the determination of the applicability of the penalties would "replicate the precise evil that TEFRA sets out to remedy: duplicative proceedings, potentially leading to inconsistent results, on a question that applies equally to all of the partners." *See id.* at 42.

The determinations needed to consider additions to tax under sections 6651(a) and 6654 would not replicate the "evil that TEFRA sets out to remedy." *See id.* The valuation misstatement penalty at issue in *Woods* is based on a question of law common to all partners because the partners could not have a basis in a sham partnership. In contrast, as discussed above, the additions to tax respondent asserts are based on petitioner's individual actions. These additions to tax require the Court to consider his individual circumstances and would not be common to other partners. Therefore, the additions to tax under sections 6651(a) and 6654 do not require a prior partnership determination as to their applicability. *See also Estate of Simon*, T.C. Memo. 2013-174, at \*12 (holding that the Court had jurisdiction in a partner-level proceeding to determine an addition to tax under section 6651(a) because the addition to tax was attributable to the deficiency).

Petitioner's second argument contends that his account transcripts are inadmissible because they have not been authenticated

**[\*14]** and are hearsay.[12]   Under Rule 121(c)(2), a party opposing a motion for summary judgment may object that the material offered to support the motion would not be admissible in evidence.  The Federal Rules of Evidence are applicable to Tax Court proceedings.  *See* § 7453; Rule 143(a).  Rule 121(c)(4) provides that a party moving for summary judgment may offer a declaration that is "made on personal knowledge, set[s] out facts that would be admissible in evidence, and show[s] that the affiant or declarant is competent to testify on the matters stated."

Respondent offered two declarations in support of his Motion for Summary Judgment, one from Michael R. Harrel, a senior attorney in the Office of Chief Counsel, and one from Tyler S. Pringle, the revenue agent that examined petitioner's and Solutus's returns.   Both declarations were made under penalty of perjury, described how each declarant gained knowledge of the account transcripts contained therein, explained the ordinary creation and maintenance of the transcripts, and demonstrated that the declarants were competent to testify.   The attached account transcripts are admissible and authenticated as a record of regularly conducted activities.  *See* Fed. R. Evid. 803(6), 902(11); *Clough v. Commissioner*, 119 T.C. 183, 190 (2002).

B.     *Additions to Tax Under Section 6651(f)*

Section 6651(a)(1) provides for an addition to tax of 5% of the tax required to be shown on a return for each month for which there is a failure to timely file a tax return, up to 25% in the aggregate.  Section 6651(f) increases the addition to tax for fraudulent failure to file to 15% of the tax required to be shown on the return for each month, up to 75% in the aggregate.  An SFR prepared by the Commissioner under section 6020(b) is not a return for purposes of section 6651(f).  *See* § 6651(g)(1).

Respondent bears the burden of proving fraud by clear and convincing evidence and must show that "the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead or otherwise prevent the collection of taxes."  *See DiLeo v. Commissioner*, 96 T.C. 858, 874 (1991), *aff'd*, 959 F.2d 16 (2d Cir. 1992); § 7454(a); Rule 142(b).  Fraud is established by showing that a "taxpayer intended to evade tax believed to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such tax."  *See Clayton v.*

---

[12] The account transcripts are Exhibits 19 through 22 in the Declaration of Michael R. Harrel in Support of Motion for Summary Judgment and Exhibits 33 through 35 in the Declaration of Tyler S. Pringle in Support of Motion for Summary Judgment.

**[\*15]** *Commissioner*, 102 T.C. 632, 647 (1994). Fraud may be established by circumstantial evidence. *See id.* The same factors relevant to determining fraudulent intent under section 6663 are relevant to determining fraudulent intent for failure to file. *See id.* at 653.

The Court looks to the following nonexclusive badges of fraud to determine fraudulent intent: (1) failure to file tax returns; (2) failure to report income over an extended period; (3) failure to furnish the Commissioner with access to records or to cooperate with taxing authorities; (4) failure to keep adequate books and records; (5) concealment of bank accounts or assets from IRS agents; (6) willingness to defraud another in a business transaction; (7) implausible or inconsistent explanations of behavior or arguments; (8) failure to make estimated tax payments; and (9) engaging in illegal activities. *See Bradford v. Commissioner*, 796 F.2d 303, 307–08 (9th Cir. 1986), *aff'g* T.C. Memo. 1984-601; *Gould v. Commissioner*, 139 T.C. 418, 446 (2012), *aff'd*, 552 F. App'x 250 (4th Cir. 2014); *Recklitis v. Commissioner*, 91 T.C. 874, 910 (1988); *Isaacson v. Commissioner*, T.C. Memo. 2020-17, at \*51, *aff'd*, No. 20-71121, 2022 WL 541617 (9th Cir. Feb. 23, 2022).

Respondent produced certified SFRs for the years at issue. Given the prior partnership-level proceeding allocating all of Solutus's income to petitioner, respondent has carried his burden of showing that petitioner failed to file tax returns for the years at issue and that he was required to file a return each year. *See Simmons v. Commissioner*, T.C. Memo. 2009-283, slip op. at 9–11 (considering the income that a taxpayer assigned to a sham trust to determine whether he had an obligation to file a return related to an addition to tax for fraudulent failure to timely file a tax return); *Roman v. Commissioner*, T.C. Memo. 2023-142, at \*20, \*23–25 (determining that a taxpayer was liable for an addition to tax for failure to timely file his tax return after the Court applied the assignment of income doctrine to include in his income settlement proceeds).

As for fraudulent intent, respondent argues that the burden of proof for imposition of fraud penalties is satisfied through the application of collateral estoppel based on the finding in the partnership-level proceeding that the period of limitations was extended on account of the false partnership returns under section 6229(c)(1). Respondent argues that the standard for fraud under section 6229(c)(1) is identical to the standard of fraud under section 6651(f).

**[\*16]** As detailed above, two of the requirements for the application of collateral estoppel are that the issue in the second suit must be identical to the issues decided in the first suit and that resolution of the issue must have been essential to the judgment in the prior decision. *See Peck*, 90 T.C. at 166–67. The issue of petitioner's fraudulent failure to file his personal returns was not in front of the Court in the partnership-level proceeding. There we found that petitioner's brother signed the partnership returns with an intent to evade tax. In contrast, this case requires us to determine whether petitioner's failure to timely file his personal tax returns was fraudulent. Additionally, the Court's discussion of petitioner's involvement with the partnership's fraudulent returns was not essential to the determination regarding the extension of the periods of assessment under section 6229(c). In the partnership-level proceeding respondent asserted that petitioner signing the false returns was a basis for extending the periods of assessment. While we acknowledged this argument as possibly true, we found it sufficient that petitioner's brother signed the false returns regardless of petitioner's involvement with the returns. Therefore, the issue regarding petitioner's fraud was not essential to the partnership-level proceeding. Collateral estoppel does not satisfy respondent's burden of proof on fraud.

However, collateral estoppel applies to prevent petitioner from contesting the partnership determinations, specifically that he assigned his income to Solutus and that Solutus was not organized for a business purpose and was a sham. The partnership determinations are identical to the controlling facts that indicate fraudulent intent, specifically petitioner's concealment of income and assets. *See Monahan v. Commissioner*, 109 T.C. 235, 247 (1997) (applying collateral estoppel to a prior determination that a partnership lacked economic substance after a prior case determining the relationship between the taxpayer and the partnership). As discussed above, the partnership-level proceeding ended in a final judgment rendered by the Court with jurisdiction. Petitioner was a party to the first case because he was treated as a partner of Solutus under section 6226(c). The partnership determinations were litigated by petitioner's brother and essential to the judgment that Solutus was a sham which petitioner created to conceal his income. Finally, there have been no changes of fact or law. Therefore, petitioner cannot contest the facts underlying the partnership determinations.

The badges of fraud in the record demonstrate that petitioner acted with fraudulent intent in failing to timely file his tax returns. The

**[\*17]** applicable badges of fraud are the concealment of assets, the failure to report income over an extended period, the omission of income, the failure to make estimated tax payments, and the assertion of inconsistent arguments.

The most significant badge of petitioner's fraudulent failure to file is the concealment of assets and activities from the Commissioner. After this Court upheld petitioner's income tax deficiency for his 1991 tax year, petitioner devised Solutus's partnership structure, in which he had no record ownership. He then instructed Mobile Media to pay Solutus for his services, shielding his income within the partnership. As determined in the partnership-level proceeding, Solutus had no business purpose, and petitioner created it for tax avoidance. This concealment of income and activities is strong evidence of fraudulent intent. *See Bradford v. Commissioner*, 796 F.2d at 307; *Ernest S. Ryder & Assocs., Inc. v. Commissioner*, T.C. Memo 2021-88, at \*187–88 (finding fraudulent intent when a taxpayer created a complex business structure and assigned income to various entities to conceal income); *Cole v. Commissioner*, T.C. Memo. 2010-31, slip op. at 23 (finding that a taxpayer had intent to conceal income when he directed earnings to various sham limited liability companies), *aff'd*, 637 F.3d 767 (7th Cir. 2011).

Petitioner's failure to report substantial income supports an inference of fraud. *See Bradford v. Commissioner*, 796 F.2d at 307; *Beaver v. Commissioner*, 55 T.C. 85, 93 (1970). By not filing his tax returns for the years at issue, petitioner failed to report substantial income. As evidenced by his prior deficiency litigation in this Court, petitioner's failure to report income stretches beyond the years at issue. This pattern of underreporting income is strong evidence of fraud. *See Holland v. United States*, 348 U.S. 121, 139 (1954); *Bradford v. Commissioner*, 796 F.2d at 307; *Vanover v. Commissioner*, T.C. Memo. 2012-79, slip op. at 12. Additionally, petitioner's failure to make estimated tax payments for the years at issue indicates fraudulent intent. *See Miller v. Commissioner*, 94 T.C. 316, 336 (1990); *Putnam v. Commissioner*, T.C. Memo. 2015-160, at \*23.

Additions to tax for failure to timely file are not imposed if the failure is due to reasonable cause and not willful neglect. *See* § 6651(a)(1). There are no facts indicating reasonable cause. We determine that petitioner is liable for additions to tax for the years at issue under section 6651(f) in the amounts shown on Form 5278, dated February 23, 2023.

**[\*18]**  C.  *Addition to Tax Under Section 6651(a)(2)*

Section 6651(a)(2) provides for an addition to tax when a taxpayer fails to pay timely the tax shown on a return.  We have jurisdiction to consider an addition to tax "if [the] claim therefor is asserted by the Secretary at or before the hearing or rehearing." *See* § 6214(a).  We will not consider issues that have not been properly pleaded.  *See Estate of Horvath v. Commissioner*, 59 T.C. 551, 555 (1973); *Frentz v. Commissioner*, 44 T.C. 485, 491 (1965), *aff'd*, 375 F.2d 662 (6th Cir. 1967).  Respondent did not seek additions to tax under section 6651(a)(2) in the notices of deficiency or in the answer.[13]  Respondent has not asked the Court for leave to amend the answer.  Thus, the issue of penalties under section 6651(a)(2) is not properly before the Court.

D.  *Addition to Tax Under Section 6654*

Section 6654(a) provides for an addition to tax for an individual's underpayment of estimated tax.  Estimated income tax must be paid quarterly in an amount equal to 25% of the lesser of (1) 90% of the tax required to be shown on the current year's return or (2) if the taxpayer filed for the previous tax year, 100% of the tax shown on the prior year's tax return.  *See* § 6654(c) and (d)(1).  To meet his burden of production, the Commissioner must show that the taxpayer had an obligation to make estimated tax payments.  *See Wheeler v. Commissioner*, 127 T.C. 200, 211–12 (2006), *aff'd*, 521 F.3d 1289 (10th Cir. 2008).  That is, the Commissioner must introduce evidence of whether the taxpayer filed a tax return for the prior year and whether the taxpayer had a tax liability for the year at issue.  *See id.*

To meet his burden of production, respondent produced certified copies of the SFRs for the years at issue.  Further, respondent produced petitioner's account transcripts showing that petitioner did not file tax returns for tax years 2007 through 2010 and failed to make estimated payments for the years at issue.  This evidence is sufficient to show that petitioner did not file tax returns for 2007 through 2010, had outstanding tax liabilities for the years at issue, and failed to pay estimated taxes for the years at issue.  Further, nothing in the record indicates that a statutory exception applies.  *See* § 6654(e).  Consequently, we determine that petitioner is liable for additions to tax

---

[13] In the answer, respondent "[d]enies respondent asserted the addition to tax under I.R.C. § 6651(a)(2)" but alleges that petitioner is liable for additions to tax under section 6651(a) "as determined in the Notices of Deficiency."  The notices of deficiency included only additions to tax under section 6651(a)(1).

[*19] under section 6654 in the amounts shown on Form 5278, dated February 23, 2023.

## *Conclusion*

We accordingly will grant respondent's Motion for Summary Judgment and determine that petitioner is liable for additions to tax under sections 6651(f) and 6654 in the amounts shown on Form 5278, dated February 23, 2023. The income tax and self-employment tax deficiencies as resulting from the partnership-level proceeding and the additions to tax under section 6651(a)(2) are not properly before this Court.

To reflect the foregoing,

*An appropriate order and decision will be entered.*